UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE FRANK OCHOA,<br><br>        Petitioner,<br><br>    v.<br><br>M.S. EVANS,<br><br>        Respondent. | CASE NO. SA CV 11-886-GAF (PJW)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |

On June 13, 2011, Petitioner filed a Petition for Writ of Habeas Corpus, seeking to challenge his 2004 state conviction for murder and his life-without-parole sentence. (Petition at 2.) In the Petition, he claims that he was interrogated without being advised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), and that the evidence was insufficient to support his conviction. (Petition at 3-4.) For the following reasons, Petitioner is ordered to show cause why his Petition should not be dismissed because it is time-barred.

State prisoners seeking to challenge their state convictions in federal habeas corpus proceedings are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). Here, it would appear Petitioner's conviction became final in September 2007, 90 days after the California Supreme Court denied his petition for review and the time

expired for him to file a petition for writ of certiorari with the United States Supreme Court. *See, e.g., Brambles v. Duncan*, 412 F.3d 1066, 1069 (9th Cir. 2005). Therefore, the statute of limitations expired one year later, in September 2008. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner, however, did not file this Petition until June 2011, nearly three years after the deadline.

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In his Petition, however, Petitioner has checked the box indicating that he has not filed any other petitions for relief with respect to this conviction. (Petition at 6.)

Additionally, the statute of limitations is subject to equitable tolling if a petitioner can show that he has been pursuing his rights diligently and that some "extraordinary circumstance" prevented him from timely filing the petition. *Holland v. Florida*, 560 U.S. __, 130 S. Ct. 2549, 2562 (2010). Petitioner has not shown entitlement to equitable tolling.

IT IS THEREFORE ORDERED that, no later than July 18, 2011, Petitioner shall inform the Court in writing why this case should not be dismissed with prejudice because it is barred by the statute of limitations. Failure to timely file a response will result in a recommendation that this case be dismissed.

DATED: June __17__, 2011.

/S/ PATRICK J. WALSH
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\OCHOA, M 886\OSC dismiss pet.wpd